GARDEN, JUDGE:
The claimant, a physician, was first employed by the respondent in 1973 as a staff physician at the Huntington State Hospital, but in April of 1975 she was transferred to the Barboursville State Hospital in a similar capacity. This transfer was necessitated by a severe shortage of physicians at the latter institution. Soon after claimant’s arrival at Barboursville in June of 1975, another staff physician, a Dr. Sebastion, suffered a stroke and had to take sick leave. As a result, the claimant was the only staff physician at Barboursville. Consequently, in addition to performing her regular duties, she was on call each day for 24 hours, including weekends and holidays. This continued through August of 1975, when an additional staff physician was assigned. Even after that date, the. claimant, on many occasions, was required to be on call beyond what was ordinarily required of her until November of 1977. It was undisputed at the hearing that during this period of time the claimant had accumulated 838 hours of unpaid compensation.
At that time, the regulations of the West Virginia Civil Service System were virtually silent in respect to overtime compensation for professional employees, as were the provisions of the U.S. Department of Labor with regard to executive, administrative, and professional employees. As a result, the respondent’s Deputy Director, James R. Clowser, issued a directive on September 1, 1975, for the purpose of establishing guidelines for compensatory time off for professional employees, which provided, in part, as follows:
“4(c)**Twenty-four hour on-call duty on weekends (Saturday or Sunday) entitles the employee to Friday or Monday off. (A given physician does not have to be on call for the entire weekend.)
*413 **Apply only to Physicians. For those unusual circumstances in which there may be only one or two Physicians on the staff, other compensatory time arrangements will be needed. Such arrangements are to be reviewed and approved by the lcoal Superintendent or Administrator and by the Director and Deputy Director.”
Claimant testified that she had discussed her situation with many of her superiors, including respondent’s Director, Dr. Mildred Bateman, and Deputy Director, James R. Clowser, and had been assured that she would be paid for her overtime hours. Nothing in writing to this effect was introduced into evidence. To the contrary, George Pozega testified that he was Superintendent at Barboursville State Hospital from November of 1972 to January 15,1979, and stated that he was unaware that any arrangement with the claimant had-been made in accordance with the Deputy Director’s directive. However, Mr. Pozega readily admitted that the claimant had worked many overtime hours and had been on call during weekends and holidays.
The Court is of the opinion that to deny this claim would have the effect of unjustly enriching the respondent, and that the claim is one which certainly, in equity and good conscience, should be paid. The 838 days divided by the usual 40-hour work week would reflect unpaid overtime for a period slightly in excess of 5 months. Since the claimant testified that she was earning $1,200.00 per month during the period in question, an award of $6,000.00 is hereby made.
Award of $6,000.00.